**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BURTON MOLLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cv-00170-CRH |
| | ) | |
| NORTHLAND PACE PROGRAM; AND | ) | |
| NORTHLAND HEALTH CARE | ) | |
| ALLIANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to protect the parties and other persons from annoyance, embarrassment, and comply with the Health Insurance Portability and Accountability Act ("HIPAA"). Discovery in this case may seek information that a party or nonparty in good faith contends contains private or sensitive information; confidential matters concerning Defendants' proprietary and confidential business information; the personnel records of current and/or former employees; and protected health information (collectively, "Confidential Information"). For good

cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery in this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be construed in favor of public disclosure and open proceedings wherever possible.

2.      **Form and Timing of Designation.**

The producing party may designate documents produced after the entry of this Order as containing Confidential Information and therefore subject to protection under this Order by marking or placing the word "CONFIDENTIAL" (hereinafter "the marking") on every page of the document and on all copies in a manner that will not interfere with the legibility of the document. For ESI produced in native or near-native format, a producing party may include the word "CONFIDENTIAL" in a metadata field and on a PDF/TIF cover sheet in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information

are not required to be marked.  By marking a designated document as confidential, the designating

attorney thereby certifies that the document contains Confidential Information as defined in this

Order.

      3.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document

or material as containing Confidential Information will not constitute a waiver of an otherwise

valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted

within thirty (30) days after discovery of the inadvertent failure.  Upon receipt of notice that

material is designated as "CONFIDENTIAL," the Parties and their counsel, if applicable, shall

immediately take action to maintain and restrict the use of such information in accordance with

the terms of this Protective Order.

      4.      **Depositions**. Deposition testimony will be deemed confidential only if designated

as such when the deposition is taken or within 30 days after receipt of the deposition transcript.

Such designation must be specific as to the portions of the transcript and/or any exhibits to be

protected.

      5.      **Protection of Confidential Material.**

      **(a)**      **General Protections.**  Designated Confidential Information must be used

or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

      **(b)**      **HIPAA Protections.** The parties acknowledge that some of the information

produced in this case may be protected health information, or contain such information, within the

meaning of the Health Insurance Portability and Accountability Act ("HIPAA"). Consistent with

45 C.F.R. § 164.512(e)(1)(iv)–(v) and 45 C.F.R. § 164.512(e)(2), and as to the health information

requested, the parties agree that counsel and the receiving party:

      (1)      shall not use or disclose the information for any purpose other than

litigating this action; and

(2)     shall return or destroy the protected health information (and all copies made) at the end of this action.

**(c)     Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)     The parties to this litigation, including any employees, agents, and representatives or managers of the parties;

(2)     Counsel for the parties and employees and agents of counsel;

(3)     The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8)     The author or recipient of the document (not including a person who received the document solely in the course of the litigation);

(9)     Litigation support services vendors and their employees retained or employed specifically in connection with this litigation;

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(d)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons who have reviewed or been given access to the documents along with the forms signed by those persons acknowledging their obligations under this Order, if applicable. The obligation to maintain a record of persons who have reviewed or been given access to the documents does not extend to the employees of counsel.

6.      **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.

7.      **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

8.      **Use of Confidential Documents or Information at Trial or Hearing.** Nothing

in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present Confidential Information that they have designed as such at a hearing or trial and who wishes to protect the Confidential Information from disclosure during any trial or hearing must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information to any individual who is not designated in Paragraph 5(c) as someone who may view the Confidential Information. A party that intends to present Confidential Information, that was designated as such by another party, at a hearing or trial must confer with the party whom designated such Confidential Information to determine if the designating party wishes to protect the Confidential Information from disclosure during any trial or hearing, and if the designating party wishes to protect the Confidential Information from disclosure during trial or hearing, the party intending to present the Confidential Information must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information to any individual who is not designated in Paragraph 5(c) as someone who may view the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such Confidential Information at the hearing or trial.

9.    **Obligations on Conclusion of Litigation.**

(a)    **Order Remains in Effect.**    Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Return of Confidential Documents.**    Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document or destroyed, except that

counsel for each party are permitted to retain a copy of the Confidential Information, excluding protected health information.

(c)    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain court filings and attorney work product, including an index which refers or relates to designated Confidential Information. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

10.    **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

11.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

12.    **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

13.    **Jurisdiction.** The obligations under this Protective Order, and the court's jurisdiction to enforce the provisions of this order, survive the final disposition of this case. A party or nonparty may file a motion to seek leave to reopen the case to enforce the provisions of this

Order.

14.    **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

15.    **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

16.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena, lawful directive, or order (collectively, a "directive") that would compel disclosure of any material or document produced and designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the directive. Such notification must include a copy of the directive.

The receiving party also must immediately inform in writing the party who caused the directive to issue in the other litigation that some or all of the material covered by the directive is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the directive to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the directive issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this

paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**17.    Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** A document that contains information protected by a privilege or the work product doctrine is a protected document. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must notify the receiving party within 14 days after discovery of such inadvertent disclosure  and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**18.    Cooperation with Law Enforcement Not Prohibited.** Nothing in this Protective Order shall be construed to prohibit, limit, or restrain a party's cooperation with a state or federal law enforcement investigation.

**19.    Serving this Protective Order on Nonparties.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

IT IS SO ORDERED.

Dated this 13th day of February, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court

**WE SO MOVE and agree to abide by**

**the terms of this Order.**

Dated: November 20, 2025

Premo Frank PLLC


*/s/ Stephen M. Premo (with permission)*
Stephen M. Premo (MN # 0393346)
     stephen@premofrank.com
Matthew A. Frank (MN # 0395362)
     matt@premofrank.com
401 Minneapolis Grain Exchange
400 South Fourth Street
Minneapolis, MN 55415
(612) 445-7042

*Attorney for Plaintiff(s)*

**WE SO MOVE and agreed to abide by**

**the terms of this Order**

November 20, 2025

Polsinelli PC


*/s/ Meghan H. Hanson*

Karen K. Cain (MO #47420) (admitted to
U.S.D.C. N.D 07.29.25)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
E-mail:   kcain@polsinelli.com

Jessica M. Andrade, WSBA #39297
admitted to U.S.D.C. N.D.
1000 2nd Ave., Ste. 3500
Seattle, WA 98104
Telephone: (206) 393-5422
Facsimile: (206) 299-9423
Email: jessica.andrade@polsinelli.com

Meghan H. Hanson (CO #60354)
(admitted to U.S.D.C. N.D. 04.23.25)
1401 Lawrence Street, Suite 1400
Denver, CO 80219
Telephone: (303) 572-9300
Facsimile: (303) 572-7883
E-mail: mhanson@polsinelli.com

Attorneys for Defendants

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

I hereby acknowledge that I have read the Protective Order dated _____ in the

case captioned, *Burton Mollman v. Northland PACE Program, et al.*, Case No. 1:25-cv-00170-

DLH-CRH (the "Action"), understand its terms, and agree to be bound by its terms. I submit to

the jurisdiction of the United States District Court for the District of North Dakota in matters

relating to this Protective Order and understand that the terms of the Protective Order require me:

       (1)  to use materials designated as Confidential Information in accordance with the

            Order solely for the purposes of the Action;

       (2)  not to disclose any such Confidential Information to any other person, firm, or

            concern, except in accordance with the provisions of the Protective Order; and

       (3)  to  return or destroy documents designated as containing Confidential Information

            60 days after this Action concludes by settlement, final judgment, or final order,

            including all appeals.

I acknowledge that violating the Protective Order may subject me to penalties for contempt

of court.

Name:                          _____

Job Title:                  _____

Employer:                 _____

Business Address:        _____

                             _____

Date: _____   _____

                                    Signature